# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No: 18-05011-01-CR-SW-RK |
| **JEFFERY EDWARD HICKS,** | |
| Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 13, 2018. For the reasons set forth below, the United States requests that upon consideration of the sentencing factors set forth pursuant to 18 U.S.C. § 3553, this Court sentence the defendant, Jeffery Edward Hicks (hereinafter "Hicks"), to a Guidelines range sentence of five years' probation with an additional condition of six months' home detention.

## I. BACKGROUND

On March 2, 2018, Hicks pleaded guilty before U.S. Magistrate Judge David P. Rush to a one-count Information charging him with mail fraud, in violation of 18 U.S.C. § 1341. (D.E. 6.) The final Presentence Investigation Report (PSR) was filed on May 18, 2018. Based on Hick's criminal history category of I and a total offense level of 11, the Guidelines imprisonment range is eight to 14 months within Zone B, which is satisfied with a sentence of probation that can include intermittent confinement, community confinement, or home detention as a condition or a combination of conditions of probation. (PSR 9, ¶ 48.) The Government did not object to the

findings of the PSR, and the defendant's sole objection does not impact the Guideline calculations. (PSR 13.)

The sentencing hearing is scheduled for August 13, 2018. Based on the facts set forth below, the United States respectfully requests that its recommendation five years' probation, with six months of home detention, which is within the Guidelines range, be adopted by this Honorable Court as an appropriate sentence in light of the factors set forth under § 3553(a), and the additional facts associated with this case and the defendant.

## II. **LEGAL STANDARD**

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930. The district court, "utilizing the § 3553(a) sentencing factors, . . . can impose a more severe or more lenient sentence, as long as it is reasonable." *United States v. Gregg,* 467 F.3d 1126, 1128-29 (8th Cir. 2006). The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant . . . (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range

2

established [under the Sentencing Guidelines]; . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

The final PSR, filed on May 18, 2018, finds the maximum term of imprisonment for the sole count of the Information is 20 years; a Guidelines imprisonment range of eight months to 14 months, within Zone B, with Hicks being eligible for probation pursuant to both the statute and the Guidelines; a statutory supervised release term of not more than three years; and a Guidelines supervised release term of one year to three years. (PSR 9-10, ¶¶ 47-48, 50-54). The United States concurs with this assessment.

#### B. Statutory Sentencing Factors

In the vast majority of cases, the properly calculated Sentencing Guidelines range corresponds to a sentence that fully satisfies the 18 U.S.C. § 3553(a) factors.[1] This is because a

---

[1]The § 3553(a) factors include:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed-
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed ... medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for-
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
    (5) any pertinent policy statement ...;

3

within-Guidelines sentence reflects the accumulated wisdom and expertise of the United States Sentencing Commission. *See Kimbrough*, 128 S. Ct. at 574. Consequently, only in rare cases will full consideration of the § 3553(a) factors call for a sentence outside the Guidelines range, either above or below. This is not one of those rare cases, and the United States respectfully submits that full consideration of these factors warrants a Guidelines sentence of probation, with the additional condition of home detention.

### 1. *Nature and Circumstances of the Offense*

In the case now before this Court, Hicks was the owner and operator of a company known as J.T. Naturals, L.L.C. (hereinafter "J.T. Naturals"). Hick's company was manufacturing dietary supplements and selling them to retailers, which were then sold to individual consumers. As a part of his manufacturing process, Hicks would purchase raw ingredients, combine them into a dietary supplement, and then sell them to his clients for resale. Hicks also presented "certificates of analysis" that purported to truthfully disclose all of the ingredients of the dietary supplements. Furthermore, Hicks also represented that during his manufacturing process, the dietary supplements were tested to ensure that nothing dangerous, such as heavy metals, were present within the products he was selling to his clients.

Between September 2016 and February of 2017, inspectors with the Food and Drug Administration (hereinafter "FDA") and the Department of Health and Human Services ("HHS") conducted inspections of J.T. Naturals. These inspections revealed that during his manufacturing process, Hicks failed to conduct analysis and safety tests of the products he was selling to his clients. Inspectors determined and Hicks confirmed that his "certificates of analysis" contained

---

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct....

false misrepresentations that were mailed to his clients with the dietary supplements. Hicks' false misrepresentations included claiming that certain ingredients were contained within the dietary supplements when those ingredients were not present, and that safety tests for the presence of dangerous materials were not conducted by J.T. Naturals. In fact, Hicks used different and unlisted ingredients during the manufacturing of the supplements.

Through his fraud, Hicks lied to his clients and sold them dietary supplements that contained ingredients different from those he represented were within the product. While there is no evidence that any consumer was harmed by Hicks' actions, his conduct could have had a detrimental impact on those consumers purchasing his dietary supplements.

Ultimately, Hicks placed his own financial gain above the safety concerns of his clients and their consumers. To that end, Hicks agreed to stop his manufacturing business and enter an "Order of Prohibition" that prevents Hicks' future participation in the conduct of a company or entity involved in the manufacturing of dietary or enhancement supplements. (D.E. 6, Pg. 12, ¶ 17.) Furthermore, Hicks has agreed to make restitution to those clients that were directly impacted by his false misrepresentations. In light of the aforementioned facts, when weighed against other § 3553 factors, including deterrence and likelihood to re-offend, the Government asserts that Hicks' criminal conduct warrants a low-end, Guidelines sentence of five years' probation, coupled with six months' home detention.

### 2. *History and Characteristics of the Defendant*

In this case, Hicks has little to no criminal history, (PSR 5, ¶¶ 23-24), and thus, he has received the benefit of a lower Guideline Range with a criminal history score of "I." Further, according to Hicks and supporting medical records, after this incident, but prior to his guilty plea, Hicks suffered a massive heart attack. (PSR 7, ¶ 36.) As a result, Hicks has significant physical

5

limitations as he recuperates and, in addition to physical therapy, takes a considerable amount of medication.  *Id.*  Hicks does not report any mental or emotional health issues, and there is no evidence of the existence of a substance abuse history.  (PSR 7, ¶¶ 37-38.)  Finally, Hicks has a considerable employment history and while he has sold his company and given up manufacturing dietary supplements, he is currently employed as a sales person, selling similar products to those he once manufactured.  (PSR 7-8, ¶¶ 41-43.)  As such, while Hicks has reported that he carries considerable debt, he is capable of earning a salary and repaying restitution to his victims.

In the case now before the Court, Hicks' lack of a criminal history, his medical history, and his employment history should be considered when reaching an appropriate sentence in this case.  Upon considering all of the history and characteristics of Hicks, the Government asserts that a probationary sentence of five years' probation, coupled with a six-month term of home detention is both warranted and reasonable in light of the defendant's history and characteristics.

### 3.  *Need to Promote Respect for the Law*

In this case, Hicks has demonstrated that he has respect for the law.  Instead of obstructing the FDA's and HHS's investigation, Hicks was cooperative, and when confronted, admitted his crimes.  Furthermore, when the United States Attorney's Office approached Hicks, he opted to waive his right to indictment, and entered a guilty plea to an information.  Hicks' actions saved the Government time and resources once he was contacted. While Hicks' actions were undeniably criminal, at all points during the investigation and subsequent prosecution, the defendant has readily demonstrated remorsefulness for his crimes and respect for the law.  Placed in its proper context, the Government asserts that a sentence of five years' probation with six months' home detention is an appropriate sentence in light of the established Guidelines range and Hicks' cooperation with law enforcement and respect for the law.

### *4. <u>Need to Afford Adequate Deterrence to Criminal Conduct</u>*

To the extent that rational actors are watching what the Court does here, a Guidelines sentence of probation with six months' home detention provides a meaningful deterrent to the nature of the criminal conduct in which Hicks engaged. While Hicks' criminal act did defraud his clients, no actual harm arose from his actions. Thus, while Hicks defrauded clients of slightly more than $50,000, the restitution order will ensure that he will not benefit from his actions. Furthermore, the prohibition order will ensure that Hicks will be barred from engaging in similar conduct in the future. Given Hicks' age and health, the Government asserts that its recommendations will adequately deter any future criminal conduct in the future.

## IV. CONCLUSION

The United States respectfully requests that the aforementioned § 3553 factors, including the nature and circumstances of Hicks' criminal enterprise, his lack of a criminal history, the need to promote respect for the law, and the need to afford adequate deterrence, be considered in reaching an appropriate sentence.

As such, the United States respectfully requests that this Court impose a Guidelines sentence of five years' probation, coupled with six months' home detention. Such a sentence is

7

supported by the facts and circumstances of this case, as well as the § 3553 factors associated with Hicks.

                                                      Respectfully submitted,

                                                      TIMOTHY A. GARRISON
                                                      United States Attorney

                                                      */s/ Patrick A.N. Carney*
                                                      PATRICK A.N. CARNEY
                                                     Assistant United States Attorney
                                                     Western District of Missouri
                                                     901 St. Louis Street, Suite 500
                                                     Springfield, Missouri  65806
                                                     (417)831-4406

**CERTIFICATE OF SERVICE**

       I hereby certify that on this the 25th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                                      */s/ Patrick A.N. Carney*
                                                     PATRICK A.N. CARNEY